IN THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH DIVISION)

PRO PETROLEUM, LLC,  CASE NO.:

    Plaintiff,

vs.

PANAGIOTIS KECHAGIAS,

    Defendant.
_____/

## COMPLAINT

Plaintiff PRO PETROLEUM, LLC ("Pro Petroleum") files this Complaint against Defendant PANAGIOTIS KECHAGIAS ("Kechagias" or "Guarantor"), and states as follows:

## NATURE OF THE ACTION

1. Pro Petroleum is a petroleum company that provides fuel products and various petroleum and renewal fuel product terminal, trucking, rail, and transmix processing services. Its product lines include gasoline, diesel and a variety of alternative fuels.

2. This lawsuit arises from Pro Petroleum's failure to be paid by Hellenic Petroleum, LLC ("Hellenic" or "Debtor") for approximately $2.4 million for fuel that Pro Petroleum sold to Hellenic. Kechagias is Hellenic's owner and president, and to enable Hellenic to make purchases from Pro Petroleum on account, he executed a personal guaranty for any indebtedness his company owed to Pro Petroleum under a credit agreement. Kechagias, however, has failed to make any such payment and is in breach of his obligations under the Personal Guaranty that he executed on October 20, 2020 (the "Guaranty Agreement"). A true and correct copy of the Guaranty Agreement is attached hereto as Exhibit A.

## PARTIES

3. Pro Petroleum is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Texas.

4. Kechagias is an individual domiciled in Boca Raton, Florida, and is a citizen of the State of Florida. Kechagias is the President and owner of Hellenic Petroleum.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this dispute by virtue of 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Pro Petroleum and Kechagias in this matter and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

6. Pro Petroleum has two members, Pro Petroleum Holdings Inc. and BunkerHill Holdings Company LLC.

7. Pro Petroleum Holdings Inc. is a corporation organized under the laws of the State of Texas with its principal place of business in Texas.

8. BunkerHill Holdings Company LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Tennessee. Its sole member is BunkerHill Oil Marketing LLC.

9. BunkerHill Oil Marketing LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Tennessee. Its sole member is Pilot Travel Centers LLC.

10. Pilot Travel Centers LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Tennessee. Pilot Travel Centers LLC's members are Pilot Corporation, FJM Investments LLC, National Indemnity Company, and BDT I-A Plum Corp.

11. Pilot Corporation is a corporation organized under the laws of the State of

Tennessee with its principal place of business in Tennessee.

12. FJM Investments LLC is a limited liability company organized under the laws of the State of Utah with a principal place of business in Utah. Its sole member is FJ Management, Inc., a corporation organized under the laws of the State of Utah with a principal place of business in Utah.

13. National Indemnity Company is a corporation organized under the laws of the state of Nebraska with a principal place of business in Nebraska.

14. This Court may exercise personal jurisdiction over Kechagias because he is within its general jurisdiction as he is a resident and citizen of the State of Florida. In addition, Kechagias consented in the subject Guaranty Agreement to the jurisdiction and venue of this Court.

15. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because Kechagias resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## GENERAL ALLEGATIONS

**A.      The Credit Agreement**

16. On or about October 20, 2020, Pro Petroleum and Hellenic Petroleum, LLC ("Hellenic") entered into a credit agreement, entitled Terms and Conditions, pursuant to which Pro Petroleum extended credit to Hellenic ("Credit Agreement") to enable Hellenic to make purchases of goods and services from Pro Petroleum. A true and correct copy of the Credit Agreement is attached hereto as Exhibit B.

17. Under the terms of the Credit Agreement, Hellenic agreed that "[a]ll purchases made on account are due and payable the tenth day following delivery of goods or services." Exhibit B, Section 1.

18. Pursuant to the Credit Agreement and a contemporaneously provided Electronic Funds Transfer Authorization, Hellenic authorized Pro Petroleum to initiate debit and credit entries or drafts to Hellenic's designated bank and checking account to offset any balances.

19. Hellenic further agreed in Section 3 of the Credit Agreement that in the event a debit entry or draft submitted to Hellenic's bank were returned unpaid, "to pay [Pro Petroleum] a return item fee equal to, the greater of one percent (1%) of the return item or, twenty-five dollars ($25.00) . . . ." *Id.*, Section 3. Hellenic also agreed that any such returned draft not replaced by a bank wire or cashier's check from Hellenic within five days "shall bear interest from the date the item was initially deposited by [Pro Petroleum], at the lesser rate of 18% per annum or, at the highest legal rate allowed." *Id.*

20. The Credit Agreement further provides that following notification by Pro Petroleum of any delinquent balance, "[f]ailure by [Hellenic] to pay said delinquent balance within 5 days of such notice shall be a default hereunder and said delinquent balance shall bear interest from the date of delivery, at the lesser rate of, 18% per annum or, at the highest legal rate allowed." *Id.*, Section 4.

**B.**   **The Guaranty Agreement**

21. Contemporaneously with the execution of the Credit Agreement, Kechagias executed the Guaranty Agreement, pursuant to which Kechagias personally "unconditionally and absolutely guarantee[d] payment when due of any and all present or future indebtedness owed to Pro Petroleum by [Hellenic] and hereby agree[d] to pay such indebtedness punctually if default in payment thereof is made by [Hellenic]." Exhibit A.

22. Pursuant to the Guaranty Agreement:

> The Guarantor will pay such indebtedness without requiring Pro Petroleum, or any of assignee hereof, to proceed first to enforce payment upon the Debtor. The Guarantor expressly waives notices of acceptance of guaranty, demands and notices

>of nonpayment, and consents to any extensions of time of payment of all or any of the indebtedness hereby guaranteed. Without in any way limiting the generality of the foregoing, the Guarantor acknowledges that this guaranty encompasses Debtor's purchases of goods and/or services on account, interest incurred thereon, plus any collection expense incurred while trying to collect the debt while in default, including but not limited to, attorney fees, and court costs.

*Id*.

23. Thus, by this language, Kechagias's guaranty was a guaranty of payment, not a guaranty of collection, such that no "demands and notices of nonpayment" or efforts "to proceed first to enforce payment upon the Debtor [Hellenic]" are required, making Pro Petroleum's claim herein against Kechagias ripe without any condition precedent of first proceeding against Hellenic.

**C.**     **Defendant Fails To Satisfy His Obligations Under The Guaranty Agreement**

24. On March 5, 2021, Pro Petroleum sent a letter to Hellenic and Kechagias (the "Default Notice"), notifying them that three drafts that Pro Petroleum had submitted to Hellenic's designated bank and checking account, in the amount of $145,099.75, $217,135.11, and $523,146.18, were returned. A true and correct copy of the Default Notice is attached hereto as Exhibit C.

25. Pro Petroleum also informed Hellenic and Kechagias that, pursuant to Section 3 of the Credit Agreement, in addition to the amount of each returned draft, Hellenic also owed one percent of the amount of each returned draft (the "Return Fee"), and thus Hellenic was in default under the Credit Agreement for failure to pay $894,234.85, the sum of each of the three above-mentioned returned draft plus the assessment of the Return Fee (the "Initial Outstanding Balance"). *See* Ex. C.

26. The Default Notice also advised Hellenic and Kechagias that, in addition to the Initial Outstanding Balance, Pro Petroleum had submitted drafts in the amount of $96,120.81, $221,798.42, and $419,235.92, and if those drafts were to be returned by Hellenic's bank as well,

5

they would also be subject to the Return Fee and will be added to the outstanding balance along with any future monies owed by Hellenic pursuant to invoiced amounts.

27.     These three latter drafts were subsequently returned by Hellenic's bank, and thus Hellenic also owes one percent of the amount of each of these latter returned drafts, making Hellenic additionally indebted under the Credit Agreement in the amount of $744,526.70, the sum of the three latter returned drafts plus the assessment of the Return Fee (the "Second Outstanding Balance").

28.     Pro Petroleum also informed Hellenic and Kechagias that the failure to pay outstanding balances within five days of the Default Notice would be an additional default of the Agreement and any outstanding balance would bear interest from the date of delivery at the rate of 18% per annum pursuant to the terms of the Credit Agreement.  *Id.*

29.     Further, Pro Petroleum demanded: "ACCORDINGLY, DEMAND IS HEREBY MADE TO HELLENIC FOR THE PAYMENT, IN FULL OF THE OUTSTANDING BALANCE WITHIN FIVE (5) BUSINESS DAYS OF THIS LETTER. FURTHERMORE, PURSUANT TO THE PERSONAL GUARANTY, DEMAND IS HEREBY MADE TO THE GUARANTOR FOR IMMEDIATE PAYMENT OF THE OUTSTANDING BALANCE OWED BY HELLENIC." *Id.*

30.     Subsequent to the delivery of the Default Notice, several additional invoices from Pro Petroleum to Hellenic for sales of fuel, from February 22, 2021 to March 2, 2021, came due. These invoices constitute an additional indebtedness by Hellenic to Pro Petroleum under the Credit Agreement in the amount of $752,281.18.  Drafts submitted by Pro Petroleum in this combined amount, too, have been returned by Hellenic's bank, and thus Hellenic also owes one percent of the amount of each of these returned drafts, making Hellenic additionally indebted under the Credit Agreement in the amount of $759,803.99, the sum of these most recent drafts plus the assessment

of the Return Fee (the "Additional Unpaid Amounts"). Hellenic has never made payment for the corresponding invoices or the assessed Return Fee, amounts that Kechagias also guaranteed to pay.

31. Accordingly, as of the date of the filing of this Complaint, the amount currently due and owing on the Credit Agreement and Guaranty Agreement is the outstanding principal balance, including the Return Fee, of $2,398,565.54 (the sum of the Initial Outstanding Balance, the Second Outstanding Balance, and the Additional Unpaid Amounts, hereinafter referred to as the "Total Outstanding Balance"). Interest on the Total Outstanding Balance accrues at the rate of 18% per annum.

32. Hellenic has never replaced a returned draft with a bank wire or cashier's check or otherwise.

33. Hellenic has failed to make any payment, and Kechagias has failed to make any payment as he is obligated to do under the Guaranty Agreement. As such, Kechagias is in breach of his obligations under the Guaranty Agreement. Kechagias is liable for the unpaid debts that are due and owing pursuant to the Credit Agreement plus interest and Pro Petroleum's attorneys' fees and court costs, which Pro Petroleum seeks recovery of those damages through this suit.

34. All conditions precedent to the filing of this action have been satisfied, waived, or have occurred.

35. Pro Petroleum has retained the law firm of Greenspoon Marder LLP to represent it in this action and is obligated to pay attorney's fees and costs incurred herein.

## COUNT I
## BREACH OF CONTRACT

36. Pro Petroleum realleges and reincorporates the allegations contained in paragraphs 1 through 35 above as if more fully set forth herein.

37. The Guaranty Agreement is a valid contract pursuant to which Kechagias promised to pay Hellenic's indebtedness punctually for those amounts that Hellenic is indebted to Pro Petroleum under the Credit Agreement. Hellenic is currently indebted to Pro Petroleum and in default in the amount of $2,398,565.54, plus 18% per annum because Hellenic failed to timely pay the Total Outstanding Balance.

38. Pro Petroleum performed any and all obligations owed to Kechagias.

39. Kechagias breached the Guaranty Agreement by failing to make the required payment for the total amount due and owing under the Guaranty Agreement.

40. As a direct and proximate result of Kechagias's failure to pay the Total Outstanding Balance plus interest pursuant to his obligations under the Guaranty Agreement, Plaintiff has been damaged in the principal amount of $2,398,565.54, plus 18% per annum.

41. Furthermore, Pro Petroleum is entitled to recover its reasonable attorneys' fees, collection expense, and other legal expenses incurred in enforcing the Guaranty Agreement pursuant to the terms of the Guaranty Agreement.

**WHEREFORE,** Plaintiff PRO PETROLEUM, LLC respectfully requests that this Court enter a Final Judgment against Defendant PANAGIOTIS KECHAGIAS for the Total Outstanding Balance due and personally guaranteed by him under the Guaranty Agreement, accrued interest, plus prejudgment interest, costs, reasonable attorneys' fees, and for such other and further relief that this Court deems just and proper.

Dated: March 18, 2021     GREENSPOON MARDER LLP

By: */s/ Roy Taub*
RICHARD W. EPSTEIN (Bar No. 229091)
JEFFREY A. BACKMAN (Bar No. 662501)
ROY TAUB (Bar No. 116263)
200 East Broward Boulevard, Suite 1800

Fort Lauderdale, Florida 33301
Telephone: 954-491-1120
Facsimile: 954-343-6958
richard.epstein@gmlaw.com
maria.salgado@gmlaw.com
jeffrey.backman@gmlaw.com
khia.joseph@gmlaw.com
roy.taub@gmlaw.com
cheryl.cochran@gmlaw.com

*Attorneys for Plaintiff Pro Petroleum, LLC*

9